Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50138 | **DATE** | 7/18/2002 |
| **CASE TITLE** | SHADLEY vs. WWS INNS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    For the reasons stated on the reverse Memorandum Opinion and Order, Holiday Inn's motion to dismiss Counts III and IV of the complaint are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | JUL 18 2002 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 7-18-02 |
| /SEC | courtroom deputy's initials | 2002 JUL 18 PM 3:06 U.S. DISTRICT COURT | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

William H. Shadley and Roxanne Shadley brought suit against WWS Inns, Inc., d/b/a Holiday Inn of Rockford ("Holiday Inn"). Plaintiffs brought four counts against Holiday Inn, Count I alleging that Holiday Inn negligently mismarked the shower faucets, causing injury to William Shadley. Count II alleges Roxanne Shadley's loss of consortium as a result of her husband's injuries. Counts III and IV allege that Holiday Inn is liable for negligence and loss of consortium under a theory of res ipsa loquitur. This court has diversity jurisdiction as Holiday Inn is an Illinois corporation with its principal place of business in Illinois, the Shadleys are Iowa residents, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Illinois law applies. Holiday Inn has brought a motion to dismiss Counts III and IV of the complaint.

Holiday Inn filed this motion under the Illinois statute governing motions to dismiss, but the court will consider this as a 12(b)(6) motion. When ruling on a motion to dismiss for failure to state a claim, the court is to draw all reasonable inferences from the pleadings in plaintiffs' favor. See McLeod v. Arrow Marine Transp., Inc., 258 F.3d 608, 614 (7th Cir. 2001). A complaint should not be dismissed for failure to state a claim unless the plaintiffs cannot prove any set of facts under their claim that would entitle them to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

The doctrine of res ipsa loquitur is a type of circumstantial evidence that permits a trier of fact to infer negligence when the plaintiff does not know the precise cause of his injury. Carroll v. Faust, 725 N.E.2d 764, 770 (Ill. App. Ct. 2000); Dyback v. Weber, 500 N.E.2d 8, 11 (Ill. 1986). The plaintiff must establish three elements to satisfy the doctrine of res ipsa loquitur. First, that the occurrence does not ordinarily happen in the absence of negligence. Faust, 725 N.E.2d at 770. Second, that the defendant was in exclusive control of the instrumentality that caused the plaintiff's injury. Id. Lastly, the plaintiff must show that circumstances indicate that the injury was not due to the plaintiff's acts or omissions. Id. Illinois law does not require that the plaintiff prove freedom from comparative negligence for res ipsa loquitur to apply. See Dyback, 500 N.E.2d at 11.

The issue of whether a plaintiff may invoke the principles of res ipsa loquitur is a preliminary question of law, to be resolved by the court. Samansky v. Rush-Presbyterian-St. Luke's Medical Ctr., 567 N.E.2d 386, 391 (Ill. App. Ct. 1990). Once the court has made this determination, the trier of fact must later determine whether the plaintiffs have proven the defendant's negligence by a preponderance of the evidence. Id.

Holiday Inn argues that the instrumentality here was not under its exclusive control. The complaint indicates that the Shadleys were staying in room 302 of the Holiday Inn on August 2, 2001. William Shadley decided to take a shower, and adjusted the water to the "cold" setting. He felt the water become warmer and turned the faucet onto its coldest setting. At this point, the water became scalding hot, injuring Mr. Shadley. Subsequent examination of the water temperature controls revealed that the hot and cold water pipes connected to the faucet in room 302 were reversed, causing hot water to come out when the faucet was set to cold. Holiday Inn argues that because Mr. Shadley turned on and adjusted the cold water, Holiday Inn did not exercise exclusive control over the water.

Holiday Inn's argument fails here, because in viewing the facts in a light most favorable to the Shadleys, the complaint alleges that the mismarking of the faucets, not the adjustment of the water, led to Mr. Shadley's injury. The authority cited by Holiday Inn is distinguishable because the instrumentality that allegedly caused Mr. Shadley's injury was the reversal of the water pipes, not the water faucets themselves. In Faust, the plaintiff was injured when drawing hot water that was heated to an unreasonable temperature from a bathroom faucet. Faust, 725 N.E.2d at 768, 771. Mr. Shadley, however, attempted to draw cold water from the faucet and hot water emerged. The plaintiffs here had no control over the hot water pipes; the control lay solely with Holiday Inn. Although Mr. Shadley turned on the cold water, the instrumentality that allegedly caused the injury was the reversal of the water pipes.

Though this court has determined that res ipsa loquitur may apply in this case, the trier of fact must make the ultimate decision as to whether the plaintiffs have proved negligence under a theory of res ipsa loquitur. See Samansky, 567 N.E.2d at 391. This court's preliminary determination merely allows the plaintiffs to go forward with their claim of res ipsa loquitur.

For the above reasons, Holiday Inn's motion to dismiss Counts III and IV of the complaint are denied.